**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ANTHONY PERRY,<br><br>           Plaintiff,<br>     v.<br><br>U.S.D.J., et al.,<br><br>           Defendants. | HONORABLE JEROME B. SIMANDLE<br><br><br>Civil Action<br>No. 16-cv-06469 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Anthony Perry, Plaintiff Pro Se
1254 Langham Ave.
Camden, NJ 08103

**SIMANDLE, Chief District Judge:**

1.   Plaintiff Anthony Perry seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against "U.S.D.J." and the Camden County Jail ("CCJ"). Complaint, Docket Entry 1.

2.   Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.   For the reasons set forth below, the Court will dismiss the complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4.   To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5.   Plaintiff seeks monetary damages from "U.S.D.J." [1] and CCJ for allegedly unconstitutional conditions of confinement. As the CCJ is not a "state actor" within the meaning of § 1983, the claims against it must be dismissed with prejudice. *See, e.g.,*

---

[1] Plaintiff does not identify to whom "U.S.D.J." refers and does not mention "U.S.D.J." in the Complaint outside of the caption. Because Plaintiff has not specified the identity of this defendant, the Court presumes, for the purposes of this opinion, that Plaintiff intends to bring this action against the United States Department of Justice.

*Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983).

6.    The claims against the United States Department of Justice, as an agency of the United States, must also be dismissed with prejudice as the United States may not be sued without its consent. *Tucker v. Sec'y of Health & Human Servs.*, 588 F. App'x 110, 115 (3d Cir. 2014); *Perez-Barron v. United States*, 480 F. App'x. 688, 691 (3d Cir. 2012) (citing *Chinchello v. Fenton*, 805 F.2d 126, 130 n.4 (3d Cir. 1986)). There being no indication that the United States has consented to being sued, Plaintiff's claims against the United States Department of Justice are therefore dismissed.

7.    Plaintiff may be able to amend the complaint to name state actors who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

8.    Plaintiff is advised that the amended complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Plaintiff alleges he experienced unconstitutional conditions of confinement during his detention in 2007, 2008, 2014, 2015, and 2016. Complaint ¶ III. He does

3

not identify specific dates or time periods.  Plaintiff states
he encountered: "over crowded [] cells sleeping on floors,"
"unsanitary conditions of bathrooms," "people detoxed and sicked
(sic) on their stomachs and going on their selves and much
more." *Id.* He further alleges that the warden and officers
"didn't care about what happen (sic) to people" and that "the
nurses didn't give out medication when they should." *Id.*
Plaintiff also alleges that he has back and neck pains, a sore
heel, and that he now has Guillain-Barré Syndrome.  *Id.* ¶ IV.
Even accepting these statements as true for screening purposes
only, there is not enough factual support for the Court to infer
a constitutional violation has occurred.

9.    The mere fact that an individual is lodged temporarily
in a cell with more persons than its intended design does not
rise to the level of a constitutional violation. *See Rhodes v.
Chapman*, 452 U.S. 337, 348-50 (1981) (holding double-celling by
itself did not violate Eighth Amendment); *Carson v. Mulvihill*,
488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking
does not constitute punishment, because there is no 'one man,
one cell principle lurking in the Due Process Clause of the
Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542
(1979))). More is needed to demonstrate that such crowded
conditions, for a pretrial detainee, shocks the conscience and
thus violates due process rights. *See Hubbard v. Taylor*, 538

F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the dates and length of the confinement(s), whether Plaintiff was a pretrial detainee or convicted prisoner, etc.

     10.  In the event Plaintiff files an amended complaint, he should include specific facts, such as the dates and length of his confinement, whether he was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, and any other relevant facts regarding the conditions of confinement.

     11.  There are also not enough facts for the Court to infer Plaintiff was denied adequate medical care. In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). A mere assertion that nurses did not give out medication is insufficient to meet the pleading standard in the absence of

additional facts. If he wishes to pursue this claim, Plaintiff should provide facts supporting both of the requirements in his amended complaint.

12.   As Plaintiff may be able to amend his complaint to address the deficiencies noted by the Court,[2] the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

13.   Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the

---

[2] To the extent the complaint seeks relief for conditions Plaintiff encountered during his confinements prior to October 4, 2014, those claims are barred by the statute of limitations. Claims brought under § 1983 are governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). The allegedly unconstitutional conditions of confinement at CCJ would have been immediately apparent to Plaintiff at the time of his detention; therefore, the statute of limitations for some of Plaintiff's claims expired sometime in 2009, 2010, and 2016, respectively. In the event Plaintiff elects to file an amended complaint, he should focus on the facts of his 2015 and 2016 confinements and, if the dates were within the statute of limitations, his 2014 confinement.

allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself.[3] *Id.*

14.  For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

15.  An appropriate order follows.


**January 4, 2017**                          **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                             Chief U.S. District Judge

---

[3] The amended complaint shall be subject to screening prior to service.